FILED
5th JUDICIAL DISTRICT COURT
Lea County
7/27/2021 3:39 PM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

STATE OF NEW MEXICO
COUNTY OF LEA
FIFTH JUDICIAL DISTRICT

SUSIE GUTIERREZ,

      Plaintiff,

v.

FABIAN ORNELAS; and CHEVRON U.S.A.
INC.,

      Defendants.

D-506-CV-2021-00686
Case assigned to Shoobridge, William G. W.

## COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

Plaintiff Susie Gutierrez, by and through Joseph M. Zebas, ZEBAS LAW FIRM, L.L.C., their attorney of record, for her Complaint against Defendant Fabian Ornelas and Defendant Chevron U.S.A. Inc. states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Susie Gutierrez ("Plaintiff" hereinafter) are, and at all times relevant to this cause of action, is a resident of the city of Hobbs in Lea County, New Mexico.

2. Defendant Fabian Ornelas ("Defendant Ornelas" hereinafter), is, and at all times relevant to the filing of this action, an individual residing in the city of Midland in Midland County, Texas. Defendant Ornelas is, at all times relevant to this claim, the driver of the vehicle that caused the accident that is the subject of this lawsuit.

3. Defendant Chevron U.S.A. Inc. ("Defendant Chevron" hereinafter), is, and at all times relevant to the filing of this action, a Foreign Profit Corporation licensed to do business within the State of New Mexico and whose relationship to Defendant Ornelas is that of employer. Defendant Chevron is therefore responsible for payment of all or some of any judgment in this case and is a real party-in-interest Defendant.

**EXHIBIT A**

4.      At the time of the accident, Defendant Ornelas was the driver of the vehicle owned by Defendant Chevron at all times herein.

5.      Pursuant to the statutory and constitutional laws of the State of New Mexico, this Court has jurisdiction over the parties and the subject matter of this action.

## FACTS AND PRELIMINARY STATEMENT

6.      The incident giving rise to this lawsuit occurred at approximately 5:54 a.m. on August 5, 2018, when Plaintiff was driving her black Mazda passenger van, headed southbound on New Mexico State Road 248 toward Eunice, New Mexico.

7.      Also headed southbound at a high rate of speed was Defendant Ornelas, either consuming or having consumed an alcoholic beverage, and operating a silver, full-size Chevrolet pickup truck with a push-guard on the front on behalf of Defendant Chevron.

8.      Plaintiff observed headlights approaching her quickly from the rear and was immediately stuck from behind by Defendant Ornelas' vehicle which caused Plaintiff's vehicle to swerve off and back onto the roadway causing Plaintiff to lose control of her vehicle which travelled across the oncoming lane of travel, leaving yaw marks, and exited the roadway and overturned onto its hood resulting in heavy damage to the entire vehicle which rendered it undrivable and necessitated it being towed from the accident scene. Defendant Ornelas immediately left the scene of the accident.

9.      Defendant Ornelas' supervisor contacted the New Mexico State Police about his employee, Fabian Ornelas, having been involved in a hit and run accident. New Mexico State Police Officer Nolen Snyder met with Defendant Ornelas in Andrews, Texas. Defendant Ornelas advised Officer Nolen that he had struck a vehicle in front of him

Complaint to Recover Damages for Personal Injury
Susie Gutierrez et al. v. Fabian Ornelas et al.
Page 2

which caused it to overturn off the roadway.  He stated that he left the scene because he was scared and did not want to get in trouble and lose his job.

10. Defendant Ornelas failed to exercise due care and properly look out for other vehicles on the roadway and forcefully rear-ended Plaintiff's vehicle. Plaintiff had no warning and was unable to avoid the collision or prevent the accident.

11. Defendant Ornelas was cited for failure to give immediate notice of accident, careless driving, open container, and evidence of registration.

12. As a result of the impact, the injuries to Plaintiff caused her to be transported from the scene of the accident by medical transport.

13. As a direct and proximate result of the negligent, grossly negligent, careless and/or reckless, wanton, willful actions of Defendant Ornelas, Plaintiff suffered injuries to her body, both temporary and permanent; endured pain and suffering, both physical and mental; incurred medical expenses; has undergone medical treatment and will undergo medical treatment in the future; and has suffered a loss of enjoyment of life. She has been unable to engage in normal family, social, recreational and household services, activities, has lost income, and suffered other damages which will continue into the future.  Plaintiff is entitled to compensation for her damages.

## NEGLIGENCE AS TO DEFENDANTS

14. Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

15. At the aforesaid date and place, Defendant Ornelas had a duty to exercise ordinary care to prevent an automobile collision.

16. At the time of the above-referenced events, there were in force and effect certain statutes that were violated by Defendant Ornelas, including but not limited to:

Complaint to Recover Damages for Personal Injury
Susie Gutierrez et al. v. Fabian Ornelas et al.
Page 3

a.      NMSA 1978, § 66-7-3: Required obedience to traffic laws;

b.      NMSA § 66-7-337: Driver to exercise due care;

c.      NMSA 1978, V 66-8-114: Careless driving;

d.      NMSA 1978, § 66-8-113: Reckless driving;

e.      NMSA 1978, § 66-7-318: Following too closely;

f.      NMSA 1978, § 66-7-317: Roadways laned for traffic;

g.      NMSA 1978, § 66-8-138: Possession of alcoholic beverages in open container;

h.      NMSA 1978, § 66-7-202: Accident involving damage to vehicle; and

other violations of New Mexico statues and local ordinances.

17.     Defendant Ornelas' violation of these statues and ordinances was the actual and proximate cause of Plaintiff's injuries and damages.

18.     Defendant Ornelas' failure to exercise due care for other vehicles on the roadway was a violation of NMSA § 66-7-337, and constitutes negligence *per se*.

19.     Defendant Ornelas knew or should have known that by failing to exercise ordinary care and by failing to keep a proper look out that his conduct posed an unreasonable risk of harm to Plaintiff.

20.     Defendant Ornelas breached his duties to Plaintiff, which breach directly and proximately caused Plaintiff to suffer injuries and damages including, but not limited to, great physical pain and suffering, medical expenses, emotional distress, pain and suffering and future loss of life's enjoyment.

## **NEGLIGENT ENTRUSTMENT**

21.     Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

Complaint to Recover Damages for Personal Injury
Susie Gutierrez et al. v. Fabian Ornelas et al.
Page 4

22.   On or about August 5, 2018, Defendant Chevron was grossly negligent by entrusting their company vehicle to Defendant Ornelas, with knowledge, actual or constructive, that Defendant Ornelas would operate said vehicle with such reckless disregard to cause severe debilitating injuries to Plaintiff.

23.   Defendant Chevron's acts and omissions were grossly negligent, outrageous, aggravated and malicious, all of which manifests Defendant Ornelas' malevolence entitling Plaintiff to punitive damages.

24.   As a result of Defendant Chevron's entrusting their vehicle into the hands of a careless operator, Plaintiff is entitled to punitive damages.

   **WHEREFORE,** Plaintiff Susie Gutierrez prays for judgment against all the Defendants, each of them,  for all special damages and general damages as determined at trial, together with the costs of this litigation, prejudgment and post-judgment interest, reasonable attorney fees and costs, punitive damages, future medical expenses, lost wages, future lost wages, as well as an early mediation at Defendants' expense as set forth in NMSA 1978 § 57-12-1 et seq, and for such other relief as the Court may deem just and proper.

   DATED this 27th day of July, 2021.

Respectfully submitted by,

ZEBAS LAW FIRM, L.L.C

By: */s/ Joseph M. Zebas*
Joseph M. Zebas, Esq.
502 West Alto Drive
Hobbs, New Mexico 88240
T:  (575) 393-1024
joe.zebas@zebaslaw.com
Attorney for Plaintiff

Complaint to Recover Damages for Personal Injury
Susie Gutierrez et al. v. Fabian Ornelas et al.
Page 5