IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSIE GUTIERREZ,

    Plaintiff,

v.                                                                             No. 21-cv-1035 KRS/SMV

FABIAN ORNELAS and
CHEVRON U.S.A., INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the record. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the record, including the Notice of Removal, the Complaint, and Defendant Chevron's ("Chevron's") representations at a status conference, and the applicable law, concludes that the record does not show, by a preponderance of the evidence, that Defendant Ornelas's citizenship was different from Plaintiff's, as required for subject matter jurisdiction under 28 U.S.C. § 1332(a). Therefore, the Court will order Chevron to file a supplemental paper alleging facts showing the citizenship of Ornelas at the time the Complaint was filed and also at the time the Notice of Removal was filed, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **June 20, 2022**.

## BACKGROUND

Plaintiff filed her Complaint in state court on July 27, 2021. [Doc. 1-2]. In the Complaint, Plaintiff alleges that she is a "resident" of New Mexico and that Defendant Ornelas "reside[s]" in

Midland, Texas. *Id.* The Complaint does not address the citizenship of any party. *Id*. On October 26, 2021, Chevron filed its Notice of Removal under § 1332(a). [Doc. 1] at 1–4. The Notice of Removal asserts that there is complete diversity between Plaintiff and Defendants because Plaintiff is a citizen of New Mexico, Ornelas is a citizen of Texas, and Chevron is a citizen of Pennsylvania and California. *Id*. at 3. Chevron cites Plaintiff's Complaint (and nothing else) to support the assertion of Ornelas's citizenship. *Id*.

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petrol. Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'" *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Penteco Corp. v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991)). The Court "must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Tuck*, 859 F.2d at 844 (quoting *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974)).

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which

the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a). "When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court." *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021).

Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton*, 749 F.3d at 1200. When the facts in a state court complaint are legally insufficient to establish federal jurisdiction, a removing party must go beyond the complaint to show by a preponderance of the evidence that the requirements for federal jurisdiction are met. *See Shelter Gen. Ins. Co. v. Goodyear Tire & Rubber Co.*, No. 20-CV-02160-PAB, 2020 WL 12675926, at *1 (D. Colo. Aug. 21, 2020) (holding that the notice of removal was inadequate where it cited the complaint to assert jurisdictional facts about a party but the complaint did not support those facts); *cf. Frederick v. DaimlerChrysler Corp.*, No. 05-2085-JWL, 2005 WL 1319135, at *3 (D. Kan. May 12, 2005) (unpublished) (holding that the defendant's notice of removal did not establish jurisdiction where the defendant relied on the plaintiffs' complaint to show that the amount in controversy was over $75,000, but the complaint aggregated the plaintiffs' damages and "claims of the class members generally may not be aggregated to satisfy the amount-in-controversy requirement").

**DISCUSSION**

After careful review of the whole record, the Court is not satisfied it has jurisdiction over this case because the record does not show by a preponderance of the evidence that the parties' citizenships are completely diverse. For example, the Notice of Removal asserts that diversity jurisdiction exists because Plaintiff is a citizen of New Mexico, Ornelas is a citizen of Texas, and Chevron is a citizen of Pennsylvania and California. [Doc. 1] at 3. However, the Notice of Removal cites Plaintiff's Complaint, which does not support Chevron's assertions because the Complaint does not allege Plaintiff's or Ornelas's citizenships. Rather, the Complaint indicates only that Plaintiff "reside[s]" in New Mexico and Ornelas "reside[s]" in Texas." [Doc. 1-2] at 1. "[U]nsupported allegations, which evince [Chevron]'s lack of affirmative knowledge regarding [the parties'] citizenship, do not confer subject matter jurisdiction over this case." *Quicken Loans Inc. v. Newland Ct. Condo. Ass'n*, No. 19-CV-01485-PAB, 2019 WL 2471365, at *1 (D. Colo. June 12, 2019) (unreported) (holding that jurisdictional facts based on "information and belief" are unsupported and do not confer jurisdiction).

In addition, the Court addressed diversity jurisdiction at a status conference on May 16, 2022. [Doc. 17]. In the order setting the status conference, the Court stated that counsel for Chevron should be prepared to address Ornelas's citizenship at all relevant times. *Id*. At the status conference, counsel for Chevron stated that she relied only on the Complaint to allege that Ornelas was a citizen of Texas. Counsel indicated that she had nothing beyond the Complaint to show that Ornelas was a citizen of a state other than New Mexico at the relevant times.

Under these circumstances, there is not a preponderance of evidence in the record showing diversity of citizenship. The Court must determine that it has jurisdiction before proceeding with

4

this matter. *Tuck*, 859 F.2d at 844 (stating that, even "[i]f the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*"); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, the Court will order Chevron to file a supplemental paper alleging facts showing the citizenship of Ornelas at the time the Complaint was filed and also at the time the Notice of Removal was filed, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **June 20, 2022**. *See generally* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300–02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Chevron must file a supplemental paper alleging facts showing Ornelas's citizenship at the time the Complaint was filed and also at the time the Notice of Removal was filed, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **June 20, 2022**.

**IT IS FURTHER ORDERED** that if such supplemental paper is not filed on the record by **June 20, 2022**, the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**