IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSIE GUTIERREZ,

    Plaintiff,

v.                                                                                   No. 21-cv-1035 KRS/SMV

FABIAN ORNELAS and
CHEVRON U.S.A., INC.,

    Defendants.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## TO REMAND FOR LACK OF JURISDICTION

THIS MATTER is before me on Defendant Chevron's Notice of Removal, filed on October 26, 2021, [Doc. 1] and Supplemental Paper Regarding Defendant Ornelas's Citizenship, filed on June 21, 2022 (the "Supplemental Paper"). [Doc. 21]. Having considered the record and the applicable law, I find that the record does not show, by a preponderance of the evidence, that Defendant Ornelas's citizenship was different from Plaintiff's when Plaintiff filed the Complaint and when Defendant Chevron filed its Notice of Removal. [Doc. 1]. Such a showing is required to establish this Court's subject matter jurisdiction over this case under 28 U.S.C. § 1332(a). Accordingly, I recommend this matter be remanded to the Fourth Judicial District Court for the State of New Mexico for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiff filed her Complaint in state court on July 27, 2021. [Doc. 1-2]. Plaintiff alleges that Defendant Ornelas, a Chevron employee, rear-ended Plaintiff's vehicle causing severe injury

to her. [Doc. 1-2] at 3. Plaintiff alleges that she is a "resident" of New Mexico and that Ornelas "reside[s]" in Midland, Texas. *Id.* at 1. The Complaint does not address the citizenship of any party. *Id*. On October 26, 2021, Chevron filed its Notice of Removal under § 1332(a). [Doc. 1] at 1–4. The Notice of Removal asserts that there is complete diversity between Plaintiff and Defendants because Plaintiff is a citizen of New Mexico, Ornelas is a citizen of Texas, and Chevron is a citizen of Pennsylvania and California. *Id*. at 3. Chevron cites Plaintiff's Complaint (and nothing else) to support the assertion of Ornelas's citizenship. *Id*.

I addressed diversity jurisdiction at a status conference on May 16, 2022. [Doc. 17]. In the order setting the status conference, I stated that counsel for Chevron should be prepared to address Ornelas's citizenship at all relevant times. *Id*. At the status conference, counsel for Chevron stated that she relied only on the Complaint to allege that Ornelas was a citizen of Texas. Counsel indicated that she had nothing beyond the Complaint to show that Ornelas was a citizen of a state other than New Mexico at the relevant times. I ordered Chevron to file, within thirty days, a supplemental paper alleging facts showing that Ornelas was not a New Mexico citizen at the time the Complaint was filed and at the time the Notice of Removal was filed. [Doc. 19]. Chevron timely filed the Supplemental Paper. [Doc. 21].

**LEGAL STANDARD**

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petrol. Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, must strictly construe the removal statutes and resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal

jurisdiction by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'" *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Penteco Corp. v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991)). The Court has a duty to determine whether subject matter jurisdiction exists sua sponte and "must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3) (stating, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a). "When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court." *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021). When the facts in a state court complaint are legally insufficient to establish federal jurisdiction, a removing party must go beyond the complaint to show by a preponderance of the evidence that the requirements for federal jurisdiction are met. *See Shelter Gen. Ins. Co. v. Goodyear Tire & Rubber Co.*, No. 20-CV-02160-PAB, 2020 WL 12675926, at *1 (D. Colo.

Aug. 21, 2020) (holding that the notice of removal was inadequate where it cited the complaint to assert jurisdictional facts about a party, but the complaint did not support those facts).

Diversity jurisdiction requires diversity of citizenship. § 1332(a). Thus, the party asserting jurisdiction must plead *citizenship* distinctly and affirmatively; allegations of *residence* are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton*, 749 F. 3d at 1200. "And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id.* While the "place of residence is *prima facie* the domicile," *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), it does not "rise to the level of a preponderance of the evidence." *Allen v. Allstate Ins. Co.*, No. CIV 08-0733 JB/RHS, 2010 WL 519862, at *5 (D.N.M. Jan. 26, 2010) (unreported). Moreover, "'[d]omicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016) (quoting *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989)).

To determine whether a person intends to remain in a state indefinitely, the Court takes "an all-things-considered approach, and any number of factors might shed light on the subject in any given case." *Middleton*, 749 F.3d at 1201. For example, the Court can consider "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; . . . place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity." *Id*. (quoting 13E Charles Alan Wright et al., Federal Practice and Procedure § 3612, at 536–41 (3d ed. 2009)).

**DISCUSSION**

After careful review of the whole record, I find that Chevron has not shown by a preponderance of the evidence that Ornelas and Plaintiff are citizens of different states. To be clear, Chevron is not required to show that Ornelas was a citizen of Texas at the relevant times. Rather, Chevron must show by a preponderance of the evidence that Ornelas was not a citizen of New Mexico at those times. It has not done so.

Chevron's Notice of Removal cited Plaintiff's Complaint to support its assertion in the Notice of Removal that Ornelas is a citizen of Texas, but Plaintiff's Complaint indicates only that Ornelas "reside[s]" in Texas." [Doc. 1-2] at 1. "[U]nsupported allegations, which evince [Chevron]'s lack of affirmative knowledge regarding [the parties'] citizenship, do not confer subject matter jurisdiction over this case." *Quicken Loans Inc. v. Newland Ct. Condo. Ass'n*, No. 19-CV-01485-PAB, 2019 WL 2471365, at *1 (D. Colo. June 12, 2019) (unreported) (holding that jurisdictional facts based on "information and belief" are unsupported and do not confer jurisdiction).

In its Supplemental Paper, Chevron again relies on the Complaint to assert that Ornelas resided in Texas and argues that Ornelas's residence in Texas is prima facie evidence that he was a Texas domiciliary. [Doc. 21] at 3. The Complaint is the only evidence on which Chevron relies to show Ornelas's residence. But Plaintiff stated in papers filed after the Complaint that she derived Ornelas's Texas address from the police report of the accident and learned later that the address was for Chevron's facility, not Ornelas's residence. [Doc. 13] at 3; [Doc.13-2]. Thus, the factual basis for Plaintiff's assertion in the Complaint has been negated. Chevron may not rely on unsupported allegations to establish Ornelas's residency.

5

Furthermore, even if Ornelas did reside in Texas at the relevant times, Chevron has produced no evidence that Ornelas had ties to Texas that suggest he intended to remain in Texas indefinitely. *See Middleton*, 749 F. 3d at 1200 ("[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely."). To the contrary, the evidence produced by Chevron shows that Ornelas intended to remain indefinitely in New Mexico, not Texas.

For example, Ornelas first obtained a New Mexico driver's license or identification card well before the Complaint was filed. [Doc. 21-1]. To obtain a driver's license in New Mexico, an applicant must be a "resident" of New Mexico. N.M. Stat. Ann. § 66-5-9(B), (C) (West 2019). A "resident" is one who "intends to reside in New Mexico . . . ." N.M. Admin. Code 18.19.5.7(A)(5). Ornelas's driver's license history lists a New Mexico address. [Doc. 21] at 2; [Doc. 21-1]; *see Dyer*, 19 F.3d at 520 (source of a driver's license is evidence of domicile). Ornelas was personally served with a summons at that address on February 24, 2022. [Doc. 10]; *see Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7360285, at *2 (W.D. Okla. Dec. 15, 2020) (considering the location of service on the defendant as evidence of domicile).

Ornelas is also registered to vote in New Mexico. [Doc. 21-2]. Voter registration is significant because registration is limited to those who have a home in New Mexico to which, "whenever [they] are absent," they intend to return. *See* N.M. Stat. Ann. § 1-4-2(a) (West 2019) (stating that only qualified residents may register to vote); § 1-1-7 (West 1973) (stating that "the residence of a person is that place in which his habitation is fixed, and to which, whenever he is absent, he has the intention to return"); *Searle v. CryoHeart Lab'ys, Inc.*, No. 20-CV-03830-PAB, 2021 WL 1589268, at *2 (D. Colo. Apr. 22, 2021) (stating that Colorado voter registration

is "persuasive evidence of a person's [Colorado] citizenship" because Colorado statutes permit voting only by people living in the state who intend to remain in the state).

Chevron argues that Ornelas's driver's license and voter registration "do not demonstrate an intent to return to New Mexico, and instead appear to be vestiges of his prior residence and legal troubles in New Mexico." [Doc. 21] at 3. But Ornelas renewed his New Mexico driver's license in March 2021, four months before the Complaint was filed, and again in March 2022, a strong indication that he intended to remain in New Mexico. In other words, if Ornelas had intended to become a citizen of another state, there would be no reason to renew his New Mexico license. [Doc. 21-1].

Finally, Chevron requests a court order requiring certain New Mexico and Texas state agencies to provide information about Ornelas and leave to subpoena people who know Ornelas. [Doc. 21] at 4. A district court abuses its discretion when it denies jurisdictional discovery request if the denial prejudices the party seeking discovery. *Dutcher v. Matheson*, 840 F.3d 1183, 1195 (10th Cir. 2016). Prejudice exists where "pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). It is Chevron's burden to "demonstrate[e] a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial . . . ." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010).

A request for jurisdictional discovery should be denied "where there is only a 'low probability' that additional discovery would lead to facts sufficient to support jurisdiction."

*Thaxton v. GEICO Advantage Ins. Co.*, No. 1:18-CV-00306-KWR-KK, 2022 WL 562264, at *5 (D.N.M. Feb. 24, 2022) (quoting *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004)). Hence, the party seeking jurisdictional discovery must show that it has "more than a hunch that [the requested discovery] might yield jurisdictionally relevant facts." *Breakthrough Mgmt. Grp., Inc.*, 629 F.3d at 1190. Without such a showing, "pure speculation as to the existence of helpful facts is insufficient, as a matter of law, to constitute the type of prejudice that warrants" jurisdictional discovery. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1234 (10th Cir. 2020) (holding that the requestor had not shown prejudice where it argued only that unspecified discovery "would likely aid" in establishing the court's personal jurisdiction over the defendant).

  I recommend that the Court deny Chevron's request. Chevron cites no authority supporting issuance of an order compelling non-party state agencies to disclose information about Ornelas without a signed release, nor does Chevron explain why it, as Ornelas's employer, does not already have access to information relevant to Ornelas's citizenship, such as his address, where he receives his paycheck, and the state that issued his driver's license.

  In addition, Chevron states that, despite using "multiple methods to obtain additional information regarding Ornelas'[s] current citizenship . . . [v]ery little additional information has come to light." [Doc. 21] at 1. By its own account, Chevron made a substantial effort, including hiring a private investigator, to discover facts showing that Ornelas was not a citizen of New Mexico at the relevant times, but was unable to do so. *Id*. That fact suggests that jurisdictional discovery would be fruitless.

Further, Chevron does not say what specific information it wants from the state agencies or from Ornelas's acquaintances, or why it thinks those sources will have information relevant to Ornelas's citizenship. Considering the efforts Chevron has already made, Chevron has not shown that it has even a hunch that it will uncover evidence showing that Ornelas is not a citizen of New Mexico. Mere hope of finding jurisdictional evidence is not a sufficient basis for jurisdictional discovery and does not demonstrate that Chevron will be prejudiced by a lack of jurisdictional discovery.

Finally, it was Chevron's "burden to ensure that this Court had subject matter jurisdiction *before* filing a notice of removal." *ACC Health, LLC v. Lost Creek Holdings, LLC*, No. CV 16-546 JCH/SCY, 2017 WL 3530380, at *3 (D.N.M. Aug. 16, 2017) (unreported); *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."). Granting Chevron's request for jurisdictional discovery "would undermine th[at] well-established rule . . . ." *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1251 (D. Colo. 2021).

## CONCLUSION

I find that Chevron has not shown by a preponderance of the evidence that Ornelas is not a citizen of New Mexico. The only evidence offered in support of Ornelas's residence is Plaintiff's statement in the Complaint, which has been undermined by Plaintiff's later filings. Even if he resided there, Chevron offers no evidence that Ornelas intended to remain in Texas, or any state other than New Mexico. Therefore, I conclude that Chevron has not met its burden to show that this Court has subject-matter jurisdiction over this case based on diversity of citizenship of the

parties. I also recommend that Chevron's request for leave to conduct jurisdictional discovery be denied.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Chevron's request for leave to conduct jurisdictional discovery be **DENIED** and this matter be **REMANDED** to the Fourth Judicial District Court for the State of New Mexico for lack of subject-matter jurisdiction.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**